## ROBINSON v. SECRETARY OF STATE.

1. ELECTIONS—BALLOT—PARTY VIGNETTE—SOLICITATION OF VOTES.
   Solicit, as used in statute prohibiting solicitation of votes in polling place or within 100 feet of entrance to building in which polling place is located, held, not to include in its meaning use of picture and name of candidate for political office in party vignette on ballot as authorized by another statute (CLS 1961, §§ 168.684, 168.931).

2. SAME—BALLOT—VIGNETTES.
   Vignette's prime purpose on ballot is to enable the voter to distinguish among the political parties so that he can make his choice among them (CLS 1961, § 168.684).

3. COSTS—PUBLIC QUESTION.
   Court of Appeals has consistently declined to assess costs in appeal in which a public question is involved.

4. SAME—PUBLIC QUESTION—BALLOTS—VIGNETTES.
   No costs are awarded, in either lower or appellate court, in a suit brought to enjoin use on the ballot of party vignette containing picture and name of person who is candidate on that ballot, a public question being involved (CLS 1961, §§ 168.684, 168.931).

Appeal from Wayne; Dingeman (Harry J., Jr.), J. Submitted Division 1 October 3, 1966, at Detroit. (Docket No. 2,703.) Decided October 6, 1966.

Complaint by Edward J. Robinson against James M. Hare, Secretary of State, for an injunction to

REFERENCES FOR POINTS IN HEADNOTES
[1] 26 Am Jur 2d, Elections § 374.
[2] 26 Am Jur 2d, Elections §§ 208, 212.
[3, 4] 5 Am Jur 2d, Appeal and Error § 1009.

prevent use of picture of a party candidate on a
vignette. Judgment for defendant. Plaintiff ap-
peals. Affirmed in part. Reversed as to order as-
sessing costs.

*Leo K. Foran,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Russell A. Searl,*
Assistant Attorney General, for defendant.

J. H. GILLIS, J. Plaintiff, Edward J. Robinson, is
an incumbent State senator seeking re-election on
November 8, 1966. Defendant James M. Hare is
secretary of State for the State of Michigan, and as
such is the chief election officer of the State and has
the duty of furnishing to each county board of elec-
tion commissioners within the State the form of
ballot to be utilized at all primary and general elec-
tions.

Pursuant to CLS 1961, § 168.684 (Stat Ann
1965 Cum Supp § 6.1684), the Republican State Cen-
tral Committee[*] prepared and adopted a vignette
which employed within its borders two pictures—one
of the present governor of Michigan, George Rom-
ney, and one of a former president, Abraham
Lincoln. Under each picture appears the surname
of the person depicted.

Plaintiff commenced suit September 15, 1966, by
complaint filed in the Wayne county circuit court al-
leging the following: Plaintiff's name as a candidate
of the Democratic party for re-election as State
senator in the November 8, 1966, election, will appear
on the ballot within his district; that the picture of
Governor George Romney, who is also seeking re-
election, will appear—together with Abraham Lin-
coln's—under the Republican party column; that the

---

[*] See CLS 1961, § 168.597 (Stat Ann 1965 Cum Supp § 6.1597)..

appearance of the picture of Governor George Romney under the Republican party column on the official ballot for the general election of November 8, 1966, is in violation of CLS 1961, § 168.931 (Stat Ann 1956 Rev § 6.1931) which states:

"(p) No person shall, while the polls are open, at any polling place on any primary or election day, solicit votes in the said polling place or within 100 feet from any entrance to the building in which said polling place is located."

Plaintiff further alleged that defendant is under a duty to refrain and desist from releasing, publishing, or putting into circulation the official ballots for the general election on November 8, 1966, which have Governor Romney's picture heading the Republican party, and requested the court to enjoin the defendant from releasing, publishing or putting into circulation these ballots.

In answer to the complaint and show cause, appellee denied that the appearance of Governor Romney's picture on the Republican party's vignette constituted a violation of the election laws, CLS 1961, § 168.931, *supra.*

The trial court, after a hearing, denied plaintiff the relief sought and assessed costs of $250 against plaintiff.

The basic issues for determination by this Court and raised by plaintiff on appeal are twofold:

1. Does the Republican party vignette incorporating Governor George Romney's picture, with his surname spelled out thereon, constitute a violation of the State election law, CLS 1961 § 168.931, *supra,* inasmuch as all partisan ballots will contain same within various polling places on the November 8, 1966, general election?

2. Did the trial court err in assessing $250 costs? The statute is penal in nature and must be strictly

construed.  *Arlan's Department Stores, Inc.,* v. *Attorney General* (1964) 374 Mich 70, 72.

Plaintiff, in seeking injunctive relief has the burden of establishing that the vignette in question would "solicit" votes within the purview of the statute.  The word "solicit" is not defined within the act.  We do not decide the meaning of the word in other circumstances or as used in other statutes.  We merely say that we cannot read into this statute a legislative intent to forbid the use of party vignettes specifically authorized by another statute.

The practice of including in party vignettes the visage of persons then active with a particular party appears to have existed for a number of years in Michigan.  In past years former Governor G. Mennen Williams and former President Dwight D. Eisenhower appeared on the vignettes of their respective parties during their incumbency and at times when they were seeking re-election.  The vignette's prime purpose is to enable the voter to distinguish between the parties so that he can make his choice from among the various parties.  That this purpose is accomplished by incorporating in the vignette a picture of some person readily identifiable as a partisan of that party—be it George Romney or John F. Kennedy—is self evident.

Our affirmance of the trial court settles a case of first impression in Michigan and one involving a public question.  We have consistently declined to assess costs on public questions.  The trial court is therefore directed to set aside its order assessing costs.  The balance of the trial court's judgment is affirmed.  No appellate costs, a public question being involved.

LESINSKI, C. J., and HOLBROOK, J., concurred.